EASTERN DIST.
*April*, 1840.

DEFAU ET UX.
*vs.*
PELANE.

---

## DEFAU ET UX. *vs.* PELANE.

### APPEAL FROM THE CITY COURT OF NEW-ORLEANS.

A sum due the defendant by the husband, cannot be pleaded in compensation of the wife's demand in her own right.

Parole evidence was properly rejected of the husband's consent to lose three per cent. per month, on a note due to and the sole property of his wife.

EASTERN DIST.
*April*, 1840.

DEFAU ET UX.
*vs.*
PELANE.

This is an action by the husband and wife to recover from the defendant a promissory note for six hundred dollars, taken for part of the price of a slave, the dotal property of the wife, and which her husband had put into the defendant's hands to get discounted.

The defendant pleaded a general denial, except such allegations as were expressly admitted; and averred that Defau, the husband, had put the note in question into his hands for discount, and authorized him to discount it at a loss of two hundred and sixteen dollars; that the plaintiff, Defau, is the owner of said note, and owes him two hundred and seventy dollars, leaving a small balance, which he is and always has been ready to pay. The defendant pleads the sum of two hundred and seventy dollars in compensation.

The evidence showed that the note was the exclusive property of the plaintiff's wife, and had been by him put into the defendant's hands to get discounted. The judge presiding rejected parole evidence offered by the defendant to prove that the plaintiff agreed to lose three per cent. per month on the note, and gave judgment for the plaintiffs, that they recover of the defendant the *amount* of said note, or the note itself; and he appealed.

*C. Janin*, for the plaintiffs.

*Latour*, for the appellant.

*Morphy, J.*, delivered the opinion of the court.

The petition states that a note of six hundred dollars belonging to Charlotte Irma Latour, wife of J. U. Defau, was at the request of defendant placed in his hands to be discounted; but that the latter has not accounted for the proceeds thereof, and refuses to return said note; thus rendering himself liable to the owner aforesaid, for its full amount. The defendant avers, that a note similar to the one described in the petition was handed to him by J. U. Defau, with a request to have the same discounted at a loss of two hundred and sixteen dollars, with which defendant complied; that Defau was the owner of said note, and was indebted

to him in the sum of two hundred and seventy dollars, which amount it was agreed should be paid out of the proceeds of the note, and for which he pleads compensation ; that as to the balance of one hundred and fourteen dollars, remaining after these deductions, he has always been ready and willing to pay the same, but that said Defau has refused to receive it.   The plaintiffs had a judgment, from which the defendant has appealed.

The evidence shows conclusively that the note in question was the property of Charlotte Irma Latour, as having been received by her in part payment of some property of her's which she had sold.   The defendant has not been able to give any proof that he succeeded in the negotiation of the note entrusted to him ; if he had, no sum due to him by Defau could have been set off against the claim of his wife as owner of this note.   The judge below decided correctly, we think, in rejecting parole evidence of Defau's consent to lose three per cent. per month on the note defendant had undertaken to have discounted ; no negotiation having been proved, the note must be presumed to be yet in the defendant's possession, and the interest exacted for his own account.   He must then pay the amount of the note, or give up the note itself to the true owner.   The appellees have prayed for damages for the frivolous appeal.   We cannot perceive on what ground the appellant could have entertained a reasonable hope of success in this court.   His object must have been delay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the City Court be affirmed, with costs and ten per cent. damages.

EASTERN DIST.
*April*, 1840.

DEFAU ET UX.
*vs.*
PELANE.

A sum due the defendant by the husband cannot be pleaded in compensation of the wife's demand in her own right.

Parole evidence was properly rejected of the husband's consent to lose 3 per cent. per month, on a note due to and the sole property of his wife.